# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT
# CASE NO.: 25-1328

---

## UNITED STATES OF AMERICA,

### Petitioner/Appellee,

### v.

## JUAN CARLOS REYNOSO,

### Respondent/Appellant.

---

## ON APPEAL FROM THE UNITED STATES DISTRICT
## COURT FOR THE DISTRICT OF PUERTO RICO

---

### BRIEF OF APPELLANT

---

ROY J. KAHN, ESQUIRE
(Florida Bar No. 224359)
(1st Cir. Court of Appeals Bar No. 1216615)
(Counsel for Appellant, Juan Carlos Reynoso)
ROY J. KAHN, P.A.
420 S. Dixie Highway, Suite 4B
Coral Gables, FL 33146
Tel: (305) 358-7400
Fax: (305) 358-7222
rjk@roykahnlaw.com

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS…………………………………………………………....i

TABLE OF AUTHORITIES……………………………………………………....ii-iii

STATEMENT REGARDING ORAL ARGUMENT

STATEMENT OF JURISDICTION………………………………………………1

RFERENCES USED IN THIS BRIEF………………………………………….2

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW…………………...3

STATEMENT OF THE CASE …………….....………………………….………3

STATEMENT OF THE FACTS……………………………….…….…….………5

SUMMARY OF THE ARGUMENT …………………………...……………….7

ARGUMENT……………………………………………………………….…13

THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT
GRANTED THE GOVERNMENT'S MOTION TO HOLD JUAN
CARLOS REYNOSO IN CONTEMPT WITHOUT ENTERTAINING
AN EVIDENTIARY HEARING TO DETERMINE ISSUES OF FACT.

CONCLUSION…………………………………………………………………...28

CERTIFICATE OF COMPLIANCE…………………………………………..28

CERTIFICATE OF SERVICE…………………………………………………...29

ADDENDUM

i

## TABLE OF AUTHORITIES

**CASES**                                                                                          **Page**

*Aristocrat Leisure, Ltd. v. Deutsche Bank Trust Company Americas*,
262 F.R.D. 293 (S.D.N.Y. 2009)……………………………………………. 21

*FTC v. Compagnie De Saint-Gobain-Pont-A-Mousson*,
636 F.2d 1300 13 (D.C. Cir. 1980)………..…………………………………20

*Harrison v. Prather*, 404 F.2d 267 (5th Cir. 1968)…………………………..20-21

*Hawkins v. Department of Health and Human Services*,
665 F.3d 25 (1st Cir. 2012)…………………..………………………...13, 24

*Islamic Investment Company of the Gulf (Bahamas) Ltd. v. Harper
(In Re: Grand Jury Investigation)*, 545 F.3d 21 (1st Cir. 2008)……..………14, 24

*Morales-Feliciano v. Parole Board of Commonwealth of Puerto Rico*,
887 F.2d 1 (1st Cir. 1989)……………………………………………….........15

*Project B.A.S.I.C. v. Kemp,* 947 F.2d 11 (1st Cir. 1991)…………....13-14, 16, 22

*United States v. Puerto Rico*, 643 F.3d, 103 (1st Cir. 2011)…………..……….13

*United States v. Rylander*, 460 U.S. 752, (1983)……………………………..27

*U.S. v. Saccoccia*, 433 F.3d 19 (1st Cir. 2005)…………………………….13, 22

*Washington Metro Area Transit Auth. v. Amalgamated Transit Union,
Nat. Capital Local Div.* 689, 531 F.2d 617 (D.C. Cir. 1976)…………………....15

**STATUTES**                                                                **Page**

18 U.S.C. §981 and 982…………………………………………………5, 7

21 U.S.C. §853(f)………………………………………………………..5, 7

**RULES**

Rule 41 Fed.R.Crim.P…………………………………………….......17

Federal Rule of Civil Procedure 32(a)(6)……………………..……....29

Federal Rule of Civil Procedure 32(a)(7)(B)……………………….....29

Federal Rule of Civil Procedure 45(b)(1)…………………………….19

## *REASON WHY ORAL ARGUMENT SHOULD BE HEARD*

It is respectfully submitted that oral argument should be heard in this case in as much as the court may desire to focus on certain facts and legal arguments through questions posed to the respective counsel that may supplement the discussions in the brief.  Furthermore, the decisional process may be aided by oral argument.

## STATEMENT OF JURISDICTION

This appeal is from a final order of contempt imposed in the District of Puerto Rico. While contempt orders are generally not immediately appealable because they are ordinarily not final, here the District Court's decision to hold Appellant in contempt has the quality of finality required for an order to be immediately appealable. See *Morales-Feliciano v. Parole Board of the Commonwealth of Puerto Rico*, 887 F.2d 1, 3-4 (1st Cir. 1989). The contempt decree in this case carries a penalty equivalent to a final determination of the legal merits for the parties *Id*.

The District Court's ultimate finding on contempt is reviewed for abuse of discretion, while the District Court's fact-finding is reviewed for clear error, and legal questions and mixed questions of fact in law are reviewed *de novo*. See *Project B.A.S.I.C. v. Kemp,* 947 F.2d 11, 15-16 (1st Cir. 1991).

1

## <u>REFERENCES USED IN THIS BRIEF</u>

Throughout this Brief the Appellant, JUAN CARLOS REYNOSO, is referred to as "appellant", "Reynoso" or "respondent".

The District Court docket entries are referred to as "DKT."

The Appellant's Addendum is referred to as "AD."

## STATEMENT OF THE ISSUE

WHETHER THE DISTRICT COURT ABUSED IT DISCRETION WHEN IT GRANTED THE GOVERNMENT'S MOTION TO HOLD JUAN CARLOS REYNOSO IN CIVIL CONTEMPT WITHOUT ENTERTAINING AN EVIDENTIARY HEARING TO DETERMINE ISSUES OF FACT.

## STATEMENT OF THE CASE

On February 7, 2025 the Government initiated the instant proceedings in the District Court by filing a motion to hold Appellant in civil contempt of a January 31, 2025 warrant to seize property subject to forfeiture. (DKT 1) The warrant called for the seizure of a decentralized bitcoin wallet pursuant to the forfeiture statutes contained in 18 U.S.C. §981 and 982.

On February 10, 2025 the District Court entered an Order to Show Cause why Juan Carlos Reynoso should not be held in contempt for failing to comply with the January 31, 2025 warrant to seize property subject to forfeiture. (DKT 2)

On February 18, 2025 Appellant filed a Motion to Quash the service of the seizure warrant, raising numerous grounds, including improper service under Rule 41, false pretenses, and violation of Mr. Reynoso's Fifth Amendment rights not to incriminate himself. (DKT 8)

On February 24, 2025 Appellant filed his response to the Court's order to show cause why he should not be held in contempt of court for failure to comply with the

3

requirements of the search warrant. (DKT 14)  In his response, Reynoso specifically requested an evidentiary hearing due to the significant issues of material facts that were in dispute. (DKT 14 at 2)

On February 28, 2025 the Government filed its Opposition to Defendant's Amended Motion to Quash Service of Seizure Warrant (DKT 18) and its Reply to Reynoso's Opposition to Being Held in Contempt.  (DKT 19)

On March 4, 2025, without having an evidentiary hearing on any of the factual issues raised in the pleadings, the District Court entered its Opinion and Order holding Juan Carlos Reynoso in Civil Contempt of Court and denying Mr. Reynoso's Motion to Quash Warrant.  Appellant was fined $10,000.00 for each day going forward that he violates the seizure warrant.  (DKT 20)

On March 24, 2025 Mr. Reynoso filed a Motion to Stay the Proceedings until this cause could be reviewed on appeal.  (DKT 27)

On April 7, 2025 the Government filed its Memorandum in Opposition to the Respondent's Motion to Stay Proceedings.  (DKT 32)

On April 14, 2025 the District Court entered its Opinion and Order denying Respondent's Motion to Stay Proceedings.  (DKT 34)

On April 14, 2025 Mr. Reynoso filed his Notice of Appeal.  (DKT 33)

4

## STATEMENT OF FACTS[1]

On January 29, 2025, 125 bitcoin contained in a wallet allegedly controlled by Appellant was sent to two different wallets. The initial wallet address which contained the 125 bitcoin on January 29th is referred to by the government as "bclqev". The two wallet addresses to which the 125 bitcoin was transferred were "bc1qd0" and "bc1qa2". (DKT 18 at 13)

On January 31, 2025 the Government sought and obtained a seizure warrant for "property located within the jurisdiction of the District of Puerto Rico" and subject to forfeiture pursuant to 18 U.S.C. §981 and 982, as well as 21 U.S.C. §853(f). (DKT 1, Ex. 1) Thereafter, an attorney for the Government contacted Mr. Reynoso's counsel asking whether the attorney would accept service of a warrant. [2] (DKT 14, Ex. 2)

Counsel for Mr. Reynoso assumed that this was a typical forfeiture seizure warrant and, without being advised to the contrary, agreed to accept service of the document. (DKT 14, Ex. 3) The warrant directed "[a]ny authorized law enforcement officers" to execute the warrant for the seizure of 119.65 bitcoin assets stored in a "wallet" (the subject assets) with a root address specified in the warrant (bc1qd0). The warrant directed any law enforcement officer "to execute this warrant and seize the property on or before February 13, 2025."

5

---

[1] The "facts" contained herein are drawn only from the pleadings filed in the district court because the court did not hold an evidentiary hearing.
[2] At the time, Juan Carlos Reynoso was represented by attorney Walter Reynoso (no relation).

However, in addition to the standard Rule 41 language contained on the face of the seizure warrant, the warrant contained a second page with two additional demands:

> Moreover, it is ordered that: JUAN CARLOS REYNOSO shall not obstruct, impede, or interfere with the seizure of the subject assets.

> The subject assets must be transferred, within twenty-four hours of the date of service of this seizure warrant, to the following Government-controlled address: (root address excluded).

At no time during the brief telephone conversation with Mr. Reynoso's counsel did the Government attorney advise counsel that the seizure warrant contained the unconventional demand for Mr. Reynoso to self-execute the warrant. The prosecutor never advised counsel that compliance with the warrant must take place within twenty-four hours of the date of the service of the seizure warrant. There was no notice to counsel for Mr. Reynoso that the Government was seeking to require Mr. Reynoso himself to execute the command of the warrant. Without knowing the details of the warrant, Mr. Reynoso's counsel had agreed to accept service of the warrant. (DKT 14, Ex. 3)

Shortly after conversing with Mr. Reynoso's counsel, Government counsel emailed counsel for Mr. Reynoso the warrant in question. At that time, counsel was attending an event at his grandson's school about which he had spoken to government counsel on the telephone. As a result, counsel for Mr. Reynoso never opened the email to view the warrant at the time it was sent. (DKT 14, Ex. 3)

6

On Sunday, February 2, 2025 counsel for Mr. Reynoso opened the Government's email and saw for the first time that the twenty-four hour time period for producing "the subject assets to the Government" had expired, and counsel had not yet provided the warrant to his client. (DKT 14, Ex. 3) By this time, numerous transfers from the subject wallet address to different wallets had taken place between January 31, 2025 and February 1, 2025.

Numerous emails were then exchanged between Mr. Reynoso's counsel and the government attorneys. Mr. Reynoso's counsel explained in his February 3, 2025 email that when he read the warrant for the first time on Sunday, February 2, 2025, the time period in the warrant had already expired and he had not yet provided the warrant to Appellant. (DKT 14, Ex. 3)

On February 7, 2025 the Government filed its Motion to Show Cause why Mr. Reynoso should not be held in contempt in which the Government argued that its service of the warrant on Reynoso's counsel was sufficient notice, and that Mr. Reynoso's failure to transfer the assets to the government within twenty-four hours subjected him to civil contempt. (DKT 1)

## SUMMARY OF THE ARGUMENT

On January 31, 2025 the government sought and obtained a seizure warrant for "property located within the jurisdiction of the District of Puerto Rico" and subject to forfeiture pursuant to 18 U.S.C. §981 and 982, as well as 21 U.S.C. §853(f). The asset

which the government intended to seize was 119.65 bitcoin stored in a "wallet" with a root address identified as "bc1qd0". The government never served the warrant personally upon Appellant Reynoso and instead emailed a copy to Reynoso's attorney later in the day on January 31, 2025.

Counsel for Reynoso never opened the email to read the warrant until two days later, February 2, 2025. At the time he read the emailed and reviewed the seizure warrant, counsel for Reynoso learned that this particular seizure warrant had an unusual attachment which required the subject assets be transferred within twenty-four hours of the date of service of the seizure warrant to a government-controlled wallet address.

When counsel for Reynoso realized that the twenty-four hour time period had already expired, he sent an email to the prosecutor advising him that he had not provided the warrant to Mr. Reynoso before the time period had expired.

On February 7, 2025 the government filed its motion to hold Juan Carlos Reynoso in contempt of the January 31, 2025 warrant to seize property subject to forfeiture. The District Court, without providing Mr. Reynoso with an evidentiary hearing as he had requested in his pleadings, ordered Mr. Reynoso in contempt of court, fining him $10,000.00 per day that he was not in compliance. Mr. Reynoso was denied the ability to demonstrate to the court that at an evidentiary hearing 1) he had insufficient notice of the seizure warrant's unusual demand that the subject asset be

8

transferred to the government within twenty-four hours; 2) that the seizure warrant was not clear and unambiguous, but rather contradictory and confusing; 3) that Mr. Reynoso no longer had the ability to comply with the dictates of the warrant, and 4) that he did not knowingly and intentionally violate the terms of the seizure warrant.

To prove civil contempt, it must be shown with clear and convincing evidence that 1) the alleged contemnor had notice of the order, 2) the order was clear and unambiguous, 3) the alleged contemnor had the ability to comply with the order, and 4) the alleged contemnor violated the order.  The District Court's failure to hold an evidentiary hearing on whether each of the four factors stated above were clearly established in order to prove civil contempt resulted in the lower court drawing conclusions from mere inferences from the parties' pleadings without a firm foundation in established facts.

1)  Notice.

The government never personally served Appellant with the warrant.  Instead they emailed a copy of the warrant to his attorney on January 31, 2025.  The attorney was never advised nor did he realize until two days later that the warrant had an unusual demand… that the assets in question be transferred to the government within twenty-four hours of service of the warrant.  There was no evidence presented to the District Court that demonstrated respondent received actual notice of the seizure warrant and

its contents **prior** to the disbursement of the bitcoin assets. Sending a copy of the warrant to Mr. Reynoso's counsel by email was not proper and effective notice in this case.

Due to the unusual production requirement of the instant warrant, the warrant took on the force and effect of a subpoena more so than a typical seizure warrant. The warrant imposed on Mr. Reynoso to a) admit that he was in custody and/or control of the subject property; and b) take affirmative steps to produce the asset to law enforcement. Because of the compulsory production nature of this unusual warrant, the government should have served Mr. Reynoso personally and given him actual notice instead of relying upon his counsel to receive and pass on the content of the warrant.

In its present form, the seizure warrant, having similar compulsory requirements as a subpoena, would give way to Mr. Reynoso's Fifth Amendment rights. When a typical seizure warrant is served at a location, an individual at that location is not required to locate and provide law enforcement with the asset being sought. Instead, law enforcement officers search for and seize the property that is the subject of the warrant. But in the present case Mr. Reynoso is called upon to acknowledge the location of the asset and provide the asset to the government attorneys himself.

2) The Seizure Warrant Was Not Clear and Unambiguous.

The language on the face of the seizure warrant is in direct conflict with the attachment contained in the twenty-four hour compulsory disgorgement. The face of the warrant, as is typical of most warrants, requires "any authorized law enforcement officer" to "execute this warrant and to seize the property on or before February 13, 2025." However, the attachment contained the unusual language requiring Juan Carlos Reynoso not to "obstruct, impede, or interfere with the seizure of the subject assets." Then, in a second paragraph, the subject assets are directed to be transferred to a government provided address. This directive does not name Mr. Reynoso as the party who must transfer the assets and seems to be directed to law enforcement authorities. These different directives from the magistrate contained in the same warrant are in conflict and make the seizure warrant ambiguous.

3) There is insufficient evidence to demonstrate that Mr. Reynoso had the ability to comply with the warrant at the time the contempt order was issued.

Because civil contempt is a forward-looking penalty meant to coerce compliance rather than to punish for past non-compliance, there must be clear and convincing evidence that respondent possessed or controlled the asset at the time the contempt order was issued. There is no evidence in the record that such was the case.

On January 29, 2025, there began a transfer of approximately 125 bitcoins that were contained in a wallet which the government contends was in Mr. Reynoso's

custody and control six months earlier. On January 31, 2025, the government obtained a warrant for 119.65 bitcoin that was contained in a different wallet address (bc1qd0) the subject of the warrant. During the next two days the movement of the bitcoin continued, and the asset was distributed among various wallet addresses by the time counsel for Reynoso opened the email and read the warrant on Sunday, February 2, 2025. The court erroneously assumed that Mr. Reynoso "emptied his bitcoin wallet immediately after defense counsel received notice of the warrant." However, the government admits that Mr. Reynoso's alleged action in respect to emptying his predecessor wallet began on January 29, 2025, two days before the warrant was obtained by the government. The government presented no facts to support the conclusion that Mr. Reynoso had the ability to comply with the warrant at the time the District Court entered its March 4, 2025 order of contempt. If compliance with the court order is not possible, neither the moving party nor the court has any reason to proceed with a civil contempt action.

    4) Mr. Reynoso did not knowingly and intentionally violate the seizure warrant.

Mr. Reynoso's movement of the bitcoin from the wallet he had owned six months earlier (bc1qev) to other wallets, including (bc1qd0), the address subject to the warrant, does not prove that Mr. Reynoso was aware of the government's effort to seize 119.65 bitcoin at that time. Furthermore, there is no evidence in the record to

establish that Mr. Reynoso's alleged movement of the asset was done for the purpose of avoiding the seizure warrant, and not for some other legitimate commercial reason. Without the government having proved that Mr. Reynoso had actual notice of the compulsory disgorgement contained in the attachment to the warrant, there was no intentional violation of the court order. However, most importantly, at the time the court issued its order of contempt, there is no evidence that on that date, March 4, 2025 Mr. Reynoso still had possession and control over the bitcoin that had been disbursed.

## ARGUMENT

### THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT GRANTED THE GOVERNMENT'S MOTION TO HOLD JUAN CARLOS REYNOSO IN CONTEMPT WITHOUT ENTERTAINING AN EVIDENTIARY HEARING TO DETERMINE ISSUES OF FACT.

Civil contempt is used "to coerce compliance with a Court Order or to compensate a party harmed by non-compliance", *United States v. Puerto Rico*, 643 F.3d, 103, 108 (1st Cir. 2011). To prove civil contempt, a movant must show with **clear and convincing evidence** that "(1) the alleged contemnor had notice of the order, (2) the order was clear and unambiguous, (3) the alleged contemnor had the ability to comply with the order, and (4) the alleged contemnor violated the order" *Hawkins v. Department of Health and Human Services*, 665 F.3d 25, 31 (1st Cir. 2012); *U.S. v. Saccoccia*, 433 F.3d 19, 27 (1st Cir. 2005).

The contempt power of the court is "one of the most potent weapons in the judicial armamentarium" *Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 16 (1st Cir. 1991).

13

The First Circuit provides a framework on how a judicial officer should review a complainant's request to hold a party in civil contempt.  In the case of *Islamic Investment Company of the Gulf (Bahamas) Ltd. v. Harper (In Re: Grand Jury Investigation)*, 545 F.3d 21, 25 (1st Cir. 2008), this Court provided the following framework:

> First, a complainant must prove civil contempt by clear and convincing evidence (citation omitted)
>
> Second, the putative contemnor "must have violated a clear and unambiguous order that left no reasonable doubt as to what behavior was expected and who was expected to behave in the indicated fashion." (Citation omitted).
>
> Third, "any ambiguities or uncertainties in such a court order must be read in a light favorable to the person charged with contempt."
>
> And, finally, even if all these conditions are satisfied, the trial court retains a certain negative discretion, that is, the court retains the authority to eschew the imposition of a contempt sanction if it deems such eschewal to be in the interest of justice in the particular case (citation omitted).

In the instant case no evidentiary hearing was held by the District Court, even though Appellant specifically requested such a hearing in order to present evidence opposing the Government's request for contempt.  A review of the pleadings submitted by the parties in the case below underscores the fact that without a hearing, the Government failed to satisfy each of the four prongs necessary to support a contempt citation.  The District Court's failure to hold an evidentiary hearing on whether each of the four factors necessary to prove civil contempt were established by clear and

14

convincing evidence resulted in the lower court piling inference upon inference in finding Appellant in contempt.

The District Court issued its March 4, 2025 order holding JUAN CARLOS REYNOSO in civil contempt of court when there existed among the pleadings filed in this case substantial issues of material fact. See *Morales-Feliciano v. Parole Board of Com. Of Puerto Rico*, 887 F.2d 1 (1st Cir. 1989) citing *Washington Metro Area Transit Auth. v. Amalgamated Transit Union, Nat. Capital Local Div.* 689, 531 F.2d 617, 620 (D.C. Cir. 1976) (civil contemnors who assert a genuine issue of material fact have a right to a full, impartial hearing). As discussed below, specific factual conclusions should be supported by evidence presented at a hearing and not merely assumed from the written pleadings.

> "Due process does require notice and a hearing before a finding of contempt is made and before the imposition of contempt sanctions so that the parties 'have an opportunity to explain the conduct deemed deficient…and that a record will be available to facilitate appellate review'." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1322 (3rd Cir. 1995).

With no hearing, the four prongs required to be proven by clear and convincing evidence in order for a court to hold Mr. Reynoso in contempt were not established in this case.

## 1. Mr. Reynoso had insufficient notice of the seizure warrant's unusual demands.

As set forth in its pleadings, the government argued that REYNOSO had sufficient actual notice by it having merely submitted the seizure warrant to Reynoso's

15

attorney by email. (DKT1, P.2, 8-9) The attorney did not immediately provide Appellant with the warrant, nor did the attorney realize until two days later that the warrant required a twenty-four hour disgorgement of the assets in question. (DKT 14, Ex C) At that point, the twenty-four hour time limit required by the seizure warrant had already expired. There was no evidence presented to the court below that demonstrated respondent received **actual** notice of the seizure warrant and its contents. The District Court, without any direct evidence establishing true knowledge and intent, concluded that the respondent must have moved the subject assets to a different bitcoin wallet after being informed of the warrant's content. Although counsel for Mr. Reynoso specifically requested a hearing on this issue and other issues raised in its pleading, (DKT 14, P.2) the court ruled without ever questioning Mr. Reynoso as to his knowledge and intent.

Underscoring the proper notice requirement is whether the method the Government utilized to serve the seizure warrant demanding a twenty-four hour execution and delivery of an asset was proper and enforceable. "[I]t is beyond serious question that, as a necessary prelude to a finding of contempt, the putative contemnor should have reasonably, definite advance notice that a court order applies to it." *Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, at 17. Advance notice is obtained through proper service of process upon the alleged contemnor.

16

The government contends that having emailed a copy of the seizure warrant to Reynoso's attorney satisfies the notice requirement. However, this procedure was improper and did not provide sufficient notice to Reynoso.

**a) Service of a warrant on Reynoso's counsel was improper and ineffective notice.**

In this case there is no factual dispute that it was "an attorney for the Government" who served the seizure warrant on counsel for Mr. Reynoso. Government attorneys are not authorized to serve and execute warrants and thus the service of process in the present case was not valid. As specifically stated in Rule 41 Fed.R.Crim.P., government attorneys are not authorized to execute warrants.

Although the face of the seizure warrant required the execution of the warrant and seizure of the property on or before February 13, 2025 (not to exceed fourteen days) the Government attached an unprecedented twenty-four-hour time requirement to the warrant which tasked Reynoso, rather than law enforcement, with its execution.

Rule of Criminal Procedure 41 sets forth the parameters for the Government to obtain and serve seizure warrants for property that is subject to forfeiture. It specifically identifies who can execute service of the seizure warrant.

Rule. 41 Search and Seizure

(e) Issuing the Warrant

(1) In General. The magistrate judge or a judge of a state court of record must issue the warrant to an officer authorized to execute it.

17

Officers authorized to execute warrants are specifically defined as follows:

> (a) Scope and Definitions

> (2) Definitions.  The following definitions apply under this rule:

> (c) "Federal law enforcement officer" means a government agent (*other than attorney for the Government*) who is engaged in enforcing the criminal laws and is within any category of officers authorized by the attorney general to request a search warrant.  Federal Rule of Criminal Procedure 41(a)(2)(C) (emphasis added).

The seizure warrant in the present case states that the warrant was to be issued to "any authorized enforcement officer."  Here there is no dispute that the attorney for the Government attempted to serve and execute the seizure warrant on counsel for Mr. Reynoso.  Warrants may only be executed by authorized federal officers and, because this warrant was not, it is unenforceable.

Furthermore, it is uncontested that the government did not provide actual notice or service of the warrant on Mr. Reynoso personally.  The material fact in dispute here is whether the government's attempted service on counsel for Mr. Reynoso was sufficient service of process to call into question whether Mr. Reynoso had actual notice of the warrant's demands.  The warrant was sent via email from Assistant U.S. Attorney Jonathan Godfried, who is a government attorney, to Mr. Reynoso's counsel only.

The warrant imposed an unprecedented twenty-four hour time requirement which, according to the government, tasked Reynoso, rather than law enforcement,

with its execution. Such a demand caused this warrant to take on the force and effect of a subpoena more so than a seizure warrant, because it imposed upon Mr. Reynoso to a) admit that he was in custody of and/or control of the property; and b) take affirmative steps to produce the asset to law enforcement. The failure to provide Mr. Reynoso with actual notice of this extraordinary requirement, and additionally failing to advise Reynoso's counsel of this demand, renders the service of the warrant improper. Service of the instant warrant on counsel for Reynoso containing a demand for production is an insufficient substitute for personal service.

Due to the unusual production requirement of the instant warrant, unless Mr. Reynoso was personally served with the warrant and shown to have knowledge of the twenty-four hour production requirement, substitute service would be insufficient to satisfy the notice requirement and to establish Mr. Reynoso's knowledge of the production requirement. Given the compulsory nature of the unusual demand that Mr. Reynoso turn over assets within twenty-four hours, the court should have held a hearing to determine whether Mr. Reynoso had actual notice of this provision before finding him in contempt.

The present situation is analogous to a person being subjected to the service of a subpoena requiring compulsory attendance and/or production. Federal Rule of Civil Procedure 45(b)(1) provides, in pertinent part, as follows: "serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's

attendance, tendering the fees for one day's attendance and the mileage allowed by law." That language has long been interpreted to require personal service of the subpoena. See 9A *Charles Allen Wright and Arthur R. Miller, Federal Practice and Procedure, §2454 (3d. ed. 2024)* ("the longstanding interpretation of Rule 45 has been that personal service of subpoenas is required"). "Compulsory process may be served upon an unwilling witness only in person". *FTC v. Compagnie De Saint-Gobain-Pont-A-Mousson*, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980). The D.C. Circuit in *Compagnie* emphasized the distinction between service of **notice** and service of **compulsory process** being crucial under the principles of both domestic and international law. "When an agency serves compulsory process upon a third-party witness, regardless of the technique of service employed, it effectively compels that witness to do something and threatens him with sanctions should he choose not to comply." *Id* at 1311. Should a person fail to produce items responsive to a subpoena, the full enforcement power of the federal court may immediately bear upon him. Disobedience is itself both a statutory crime and an occasion for the imposition of a money penalty. The D.C. appellate court concluded that when there is a compulsory process i.e., that a witness must act in accordance with the notice, **personal service** is required. Other courts have held that delivering a subpoena to a person who might be expected to deliver it to the witness, such as the witness's lawyer, is inadequate to satisfy the personal service required by Rule 45(b). See *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968);

20

*Aristocrat Leisure, Ltd. v. Deutsche Bank Trust Company Americas*, 262 F.R.D. 293, 304 (S.D.N.Y. 2009) ("unlike service of most litigation papers, service [of a rule 45 subpoena] on an individual's lawyer will not suffice").

Consistent with the requirements of a Rule 45(b) subpoena, the warrant in this case requires compulsory process on the part of Reynoso. Unless Mr. Reynoso was personally served with this warrant, the court should not presume that proper notice was obtained through service upon his counsel. Underscoring this issue is that Mr. Reynoso's counsel stated that he was unaware of the compulsory part of the warrant and had not disclosed it to his client until after the twenty-four-hour deadline had expired.

### b) The Seizure Warrant In Its Present Form Violated Mr. Reynoso's Fifth Amendment Right.

As stated above, the compulsory process required of Mr. Reynoso in the seizure warrant mirrors the requirement of a subpoena. Had the government subpoenaed Mr. Reynoso to disgorge the assets in his possession, Mr. Reynoso would have a Fifth Amendment right to quash that subpoena as being in violation of his Fifth Amendment rights. The government's use of a seizure warrant in lieu of a subpoena provides cover for the government in requiring Mr. Reynoso to a) acknowledge that he has ownership and control of the assets, and b) provide those assets and face contempt if he fails to do so. This is a violation of Mr. Reynoso's Fifth Amendment rights. When a "normal"

seizure warrant is served at a particular location, the individual at that location is not required to locate and provide law enforcement with the asset being sought. Rather, law enforcement officers must search and locate the property that is subject to the warrant and then legally seize the property. Here Mr. Reynoso is called upon to acknowledge the location of the asset and provide the asset to government attorneys. No law enforcement officer was ever engaged in the process. This obvious "end-around" by the government should not be permitted and the warrant should not be enforceable.

### 2. **The Seizure Warrant Was Contradictory and Ambiguous**.

The second prong that must be established in finding Mr. Reynoso in contempt is that the court order must be "clear and unambiguous" … "the putative contemnor [must be] able to ascertain from the four corners of the order precisely what acts are forbidden." *U.S.C. Saccoccia* 433 F.3d 19, 28 (1st Cir. 2005). In addition, the clear and unambiguous order must leave no reasonable doubt as to what behavior was expected. *Islamic Inv. Co. of the Gulf*, 545 F.3d *at* 25. Any ambiguity in the order is read in favor of the person charged with contempt. *Project B.A.S.I.C.*, 947 F.2 *at 16*.

The language on the face of the seizure warrant directly contradicts the attached page containing the twenty-four hour compulsory disgorgement. The face of the warrant specifically requires "any authorized law enforcement officer" to "execute this warrant and to seize the property on or before February 13, 2025." This language is

22

typical of seizure warrants requiring law enforcement to locate and seize the subject assets described in the warrant. However, the same warrant contains the unusual provision requiring Juan Carlos Reynoso not to obstruct, impede or interfere with the seizure of the subject assets, presumably by law enforcement authorities. Then, the subject assets are directed to be transferred to a government provided address. This last directive, unlike the previous directive, does not name Mr. Reynoso and seems to be directed to law enforcement authorities. These multiple contradictions, together with the unusual nature of the compulsory provisions, make for an ambiguous and unclear order. Seizure warrants issued pursuant to Federal Rule of Criminal Procedure 41 normally do not command individuals to seize their own property or take affirmative steps to turn their property over to the government. As indicated on the first page of the instant warrant, law enforcement officers are normally ordered by the court to seize the subject property. This confusing and contradictory demand must be read in a light most favorable to Mr. Reynoso.

However, under the government's interpretation, the warrant required Mr. Reynoso to execute the warrant himself within twenty-four hours of the date of service of the seizure warrant, not within two weeks as spelled out on the face of the warrant. These two directives from the magistrate are in conflict and make the seizure warrant ambiguous. Without an evidentiary hearing, this ambiguity remained throughout the contempt process, and Mr. Reynoso's knowledge and understanding of the order in

23

question remains in doubt.    Without having a hearing to determine Mr. Reynoso's understanding of the demands of the warrant, his failure to comply with the twenty-four hour provision should not be the basis of a contempt order.

### 3. Insufficient Evidence to Support the Court's Assumption that Reynoso had the Ability to Comply with the Warrant.

The third prong that must be proven is that at the time of the court's order of contempt, on March 4, 2025, Mr. Reynoso still had ownership, possession and/or control over the subject assets so that he could be compelled to comply with the civil contempt order.

Civil contempt is a forward-looking penalty meant to coerce compliance rather than to punish past non-compliance. *Hawkins v. Department of Health and Human Services,* 4 New Hampshire 665 F.3d 25, 32 (1ˢᵗ Cir. 2012).  The District Court sought to coerce compliance with the seizure warrant in question, but failed to determine whether or not, as of the date of the contempt order, Reynoso had the ability to perform the transfer ordered by the warrant.  Here the District Court made no finding that respondent possessed the asset at the time the contempt order was issued.  It stated only that at the time the warrant was emailed to Reynoso's counsel, Reynoso had possession and control over the asset.

On January 29, 2025 the transfer of approximately 125 bitcoins were initiated from a wallet identified as "bc1qev" (DKT 18, P. 13).  The bitcoin contained in that wallet was alleged by the government to be under Mr. Reynoso's custody and control

24

based on stale information located on Mr. Reynoso's computer six months earlier, in June of 2024. (DKT 18, P. 11-12) There was no evidence provided by the government that clearly established ownership and control of the 125 bitcoins after it was moved on January 29th.    Apparently, when the government learned of the bitcoin being moved, they sought and obtained a seizure warrant two days later for the 119.65 bitcoin that was now at a different wallet address (bc1qd0), the subject of the warrant.  It is uncontested that the movement of the bitcoin at issue began on January 29, 2025, two days before the government obtained a warrant.  The movement of the bitcoin continued from January 29 through the next few days and was distributed among various wallet addresses.  There was no clear evidence presented to the court to establish that Mr. Reynoso had complete possession, custody and control over the subject assets by the time he learned of the warrant.  The only evidence alleged by the government was a six-month old data entry on Mr. Reynoso's laptop which indicated he was the owner of the preceding wallet address (bc1qev), not the one which was the subject of the warrant.  It's apparent that the government sought to obtain and serve this seizure warrant in the middle of an active bitcoin transaction amongst different wallets and possibly different parties.  There is no clear evidence presented in this case that the bitcoin held in wallet address "bc1qd0" (the wallet subject to the warrant) was solely under Mr. Reynoso's ownership and control.  Most important, the subject bitcoin had already been transferred to other wallet addresses by the time counsel for

25

Reynoso opened the email and read the warrant on Sunday, February 2, 2025.

The Court erroneously based its order of contempt on the fact that Reynoso "is the owner" of the wallet identified in the warrant by having relied on the attachment to the government's Opposition to Defendant's Motion to Quash Service of Seizure Warrant (DKT 18, Exhibit 2). Docket 18, Exhibit 2 states that on March 6, 2024, more than ten months prior to the issuance of the warrant, Mr. Reynoso was the owner of a predecessor wallet (bc1qa2), not the wallet which is the subject of the seizure warrant.

Furthermore, the Court erroneously assumed that Mr. Reynoso "emptied his bitcoin wallet immediately after defense counsel received notice of the warrant." (DKT 20, P. 5) The government admits in its pleadings that Mr. Reynoso's action in respect to "emptying his wallet" began on January 29, 2025, two days before the warrant was obtained by the government. Had the court provided the defense with an evidentiary hearing on this issue, Mr. Reynoso would have been able to provide evidence establishing that his movement of the bitcoin through various wallets was due to a commercial transaction, and not for intentionally avoiding the court ordered seizure warrant.

The government presented no facts to support the court's conclusion that Mr. Reynoso had the ability to comply with the warrant at the time the district court entered its March 4th order. If compliance with the court order is not possible, neither the moving party nor the court has any reason to proceed with a civil contempt action.

26

*United States v. Rylander*, 460 U.S. 752, 757, 103 S. Ct. 1548, 1552, 75 L. Ed. 2d 521 (1983). Because appellant had the burden of producing evidence on his inability to comply with a court order, the District Court should have scheduled a hearing to allow Mr. Reynoso to present evidence that he did not have the present ability to comply with the twenty-four hour disgorgement requirement. *Id.* Furthermore, Mr. Reynoso did not have custody or control of the asset at the time the court entered its contempt citation on March 4, 2025. "A man [should] not be held in civil contempt for failure to perform an act which he is currently unable to perform, regardless of whether he was once able to perform the act and wrongfully failed to do so." *U.S. v. Rylander*, 460 U.S. at 762, 103 S. Ct. at 1555 (Justice Marshall, dissenting).

Since the district court was not provided any evidence that respondent was currently able to comply with the order to produce the assets, the order citing Reynoso for contempt should be set aside and this cause remanded for an evidentiary hearing.

### 4. Reynoso Did Not Knowingly and Intentionally Violate the Seizure Warrant.

As stated earlier, Mr. Reynoso is alleged to have initiated the transfer of bitcoin on January 29, 2025, two days before the government sought and obtained the seizure warrant. Mr. Reynoso's movement of the bitcoin from the wallet he had owned six months earlier (bc1qev) to other wallets, including "bc1qd0", the address subject to the warrant, does not prove Mr. Reynoso was aware of the government's effort to seize

119.65 bitcoin at that time. There is no evidence in the record to establish that Mr. Reynoso's movement of the bitcoin at issue was done for the purpose of avoiding the seizure warrant. Instead, the court assumed that due to the timing of the transfers, Mr. Reynoso acted only because this warrant existed. However, the government acknowledges that the movement of the bitcoin began two days before the warrant was issued. Mr. Reynoso's alleged continuation of the distribution of the bitcoin from January 29th through February 1st does not show it was done with the intention to avoid the warrant, but rather may very well have been part of a pre-negotiated commercial transaction. Without a hearing to permit Mr. Reynoso to establish his lack of intent and knowledge, the District Court abused its discretion in finding Mr. Reynoso in contempt of the court's seizure order.

## CONCLUSION

The District Court's order holding Mr. Reynoso in contempt and fining him $10,000.00 a day without providing the defense an opportunity to present evidence at a hearing is an abuse of judicial discretion.

It is respectfully submitted that the court's opinion and order be vacated, and this cause should be remanded to the District Court with directions to hold an evidentiary hearing.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

(Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements)

28

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because: this brief contains 7,487 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     The brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Time New Roman font in 14-point font.

> Respectfully submitted,
>
> ROY J. KAHN, ESQUIRE
> (Florida Bar No. 224359)
> (1st Cir. Court of Appeals Bar No. 1216615)
> (Counsel for Appellant, Juan Carlos Reynoso)
> ROY J. KAHN, P.A.
> 420 S. Dixie Highway, Suite 4B
> Coral Gables, FL 33146
> Tel:   (305) 358-7400
> Fax:   (305) 358-7222
> rjk@roykahnlaw.com
>
> */s/Roy J. Kahn*
> ROY J. KAHN, ESQUIRE

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2025, I electronically filed the foregoing document with its addendum with the United States Court of Appeals for the First Circuit by using CM/ECF system.  I certify that the following counsel of record are registered as ECF Filers and that they will be served by the CM/ECF

29

system:     Jonathan L. Gottfried, Assistant United States Attorney, United States Attorney's Office, Torre Chardon, Suite 1201, 350 Carlos Chardon Avenue, San Juan, Puerto Rico 00918 [Email: Jonathan.l.gottfried@usdoj.gov], Mariana E. Bauza Almonte, Assistant United States Attorney, United States Attorney's Office, Torre Chardon, Suite 1201, 350 Carlos Chardon Avenue, San Juan, Puerto Rico 00918; and Juan Carlos Reyes Ramos, Assistant United States Attorney, United States Attorney's Office, Torre Chardon, Suite 1201, 350 Carlos Chardon Avenue, San Juan, Puerto Rico 00918. Bound copies will be forwarded to all counsel concurrently with the filing of bound copies with the United States Court of Appeals for the First Circuit.

> ROY J. KAHN, ESQUIRE
> (Florida Bar No. 224359)
> (1st Cir. Court of Appeals Bar No. 1216615)
> (Counsel for Appellant, Juan Carlos Reynoso)
> ROY J. KAHN, P.A.
> 420 S. Dixie Highway, Suite 4B
> Coral Gables, FL 33146
> Tel:  (305) 358-7400
> Fax:  (305) 358-7222
> rjk@roykahnlaw.com
>
> */s/Roy J. Kahn*
> ROY J. KAHN, ESQUIRE

# <u>CONTENTS OF ADDENDUM</u>

Docket…………………..………………………………………………AD-1

Warrant to Seize Property Subject to Forfeiture [DKT 14-1]……………..…..AD-2

Notice of Appeal [DKT 30]……………………………………………..AD-3

Opinion and Order [DKT 20]…………………………………….….. AD-4
(Granting government's motion holding Appellant Juan Carlos Reynoso
In civil contempt for violating seizure warrant)

AD-1

INTAPPEAL

# United States District Court
# District of Puerto Rico (San Juan)
## CIVIL DOCKET FOR CASE #: 3:25-mc-00068-FAB

United States of America v. Reynoso                                    Date Filed: 02/07/2025
Assigned to: Senior Judge Francisco A. Besosa
Case in other court: 25-01328
                        In Re: Seizure Warrant *SEALED*, 25-mj-
                        077-HRV
Cause: Contempt Proceedings

**Petitioner**

**United States of America**                       represented by **Ariel S. Glasner**
                                                                  DOJ-Crm
                                                                  1400 New York Ave NW
                                                                  Washington, DC 20005
                                                                  202-598-2522
                                                                  Email: Ariel.Glasner@usdoj.gov
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Jonathan L. Gottfried**
                                                                  United States Attorney's Office
                                                                  District of Puerto Rico
                                                                  350 Carlos Chardon Street
                                                                  San Juan, PR 00918
                                                                  787-409-7558
                                                                  Fax: 787-771-4043
                                                                  Email: jonathan.l.gottfried@usdoj.gov
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Tamara Livshiz**
                                                                  Department of Justice
                                                                  1400 New York Ave. NW
                                                                  Washington, DC 20005
                                                                  202-674-5670
                                                                  Email: tamara.livshiz@usdoj.gov
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Juan Carlos Reynoso**                            represented by **Francisco Rebollo-Casalduc**
                                                                  Francisco Rebollo Casalduc Law Office
                                                                  PO Box 195571
                                                                  San Juan, PR 00919
                                                                  787-765-0505

Fax: 787-765-0585
Email: rebollolaw@gmail.com
*TERMINATED: 03/24/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kehylis Y. Vazquez-Torres**
K Vazquezlaw Group
1400 Morgan Stanley Ave.
406
Winterpark, FL 32789
787-240-8196
Email: kvazquezlaw@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roy J Kahn**
Roy J. Kahn, P.A.
420 S. Dixie Highway
Suite 4b
Coral Gables, FL 33146
305-358-7400
Fax: 305-358-7222
Email: rjk@roykahnlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Silvia Pinera-Vazquez**
Pinera-Vazquez Law Firm
901 Ponce De Leon Blvd
Suite 400
33134
Coral Gables, FL 33134
305-443-0629
Email: sbp@pineravazquezlaw.com
*TERMINATED: 03/24/2025*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/07/2025 | 1 | Motion for Contempt *of the January 31, 2025, Warrant to Seize Property Subject to Forfeiture* filed by Ariel S. Glasner on behalf of United States of America. Responses due by 2/21/2025. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Glasner, Ariel) (Entered: 02/07/2025) |
| 02/10/2025 | 2 | ORDER TO SHOW CAUSE. **No later than February 21, 2025, defendant Juan Carlos Reynoso shall show cause why he should not be held in contempt of the January 31, 2025 warrant to seize property subject to forfeiture.** Signed by Senior Judge Francisco A. Besosa on 02/10/2025. (brc) (Entered: 02/10/2025) |

Case: 25-1328    Document: 00118298698    Pages: 39    Date Filed: 06/11/2025    Entry ID: 6728100

| 02/12/2025 | 3 | Motion to allow Silvia Pinera-Vazquez to appear pro hac vice (Pro Hac fee $300 receipt number APRDC-8987827) filed by Francisco Rebollo-Casalduc on behalf of Juan Carlos Reynoso. Responses due by 2/26/2025. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Rebollo-Casalduc, Francisco) (Entered: 02/12/2025) |
|---|---|---|
| 02/12/2025 | 4 | ORDER re 3 Motion to Appear PHV: GRANTED. The Clerk shall deposit the admission fee in the Court's non-appropriated funds account. Signed by Senior Judge Francisco A. Besosa on 02/12/2025. (brc) (Entered: 02/12/2025) |
| 02/13/2025 | 5 | NOTICE TO PRO HAC VICE Silvia B. Pinera-Vazquez re 4 Order on Motion to Appear PHV : The Court has granted your pro hac vice application. In order to start receiving notifications, you must file a notice of appearance using your upgraded PACER account. For more information, visit the following link: **https://www.prd.uscourts.gov/nextgen-cmecf-what-it-means-you**. (ab) (Entered: 02/13/2025) |
| 02/14/2025 | 6 | ***FILED IN ERROR. Attorney filed with Another Attorney's login and password*** NOTICE of Appearance *(Lead Counsel - Silvia Pinero-Vazquez)* by Francisco Rebollo-Casalduc on behalf of Juan Carlos Reynoso (Rebollo-Casalduc, Francisco) Modified on 2/18/2025 (ab). (Entered: 02/14/2025) |
| 02/14/2025 | 7 | ***FILED IN ERROR. Attorney filed with Another Attorney's login and password*** MOTION to Quash filed by Francisco Rebollo-Casalduc on behalf of Juan Carlos Reynoso. Responses due by 2/28/2025. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Rebollo-Casalduc, Francisco) Modified on 2/18/2025 (ab). (Entered: 02/14/2025) |
| 02/14/2025 | | NOTICE of Docket Text Modification by Deputy Clerk re: 7 MOTION to Quash .***FILED IN ERROR: 1) Attorney filed with Another Attorney's login and password, 2) Lacking Local Counsel's electronic signature. All Pro Hac Vice filings should have local Counsel's signature*** (ab) (Entered: 02/18/2025) |
| 02/18/2025 | 8 | Amended MOTION to Quash filed by Francisco Rebollo-Casalduc on behalf of Juan Carlos Reynoso. Responses due by 3/4/2025. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Rebollo-Casalduc, Francisco) (Entered: 02/18/2025) |
| 02/18/2025 | 9 | ORDER re 8 Amended Motion to Quash. **The government will respond to this motion to quash no later than February 28, 2025.** Signed by Senior Judge Francisco A. Besosa on 02/18/2025. (brc) (Entered: 02/18/2025) |
| 02/19/2025 | 10 | MOTION for extension of time until Five Days After Court Decision on Motion to Quash to File Response to Contempt Motion filed by Silvia Pinera-Vazquez on behalf of Juan Carlos Reynoso. Responses due by 3/5/2025. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Pinera-Vazquez, Silvia) (Entered: 02/19/2025) |
| 02/20/2025 | 11 | RESPONSE to Motion filed by United States of America Re: 10 MOTION for extension of time until Five Days After Court Decision on Motion to Quash to File Response to Contempt Motion filed by Juan Carlos Reynoso filed by United States of America. (Gottfried, Jonathan) (Entered: 02/20/2025) |
| 02/20/2025 | 12 | ORDER re 10 Motion for extension of time to File Response to Contempt Motion. **The government will respond to this motion no later than February 24, 2025.** Signed by Senior Judge Francisco A. Besosa on 02/20/2025. (brc) (Entered: 02/20/2025) |

| 02/20/2025 | 13 | ORDER re 10 Motion for extension of time. Having reviewed the defendant's motion for extension of time and the government's response filed at docket number 11, the motion for extension of time is DENIED. Defendant will show cause why he should not be held in contempt no later than February 24, 2025. Signed by Senior Judge Francisco A. Besosa on 02/20/2025. (brc) (Entered: 02/20/2025) |
| --- | --- | --- |
| 02/24/2025 | 14 | RESPONSE TO ORDER TO SHOW CAUSE filed by Juan Carlos Reynoso Re: 2 Order to Show Cause, filed by Juan Carlos Reynoso. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Pinera-Vazquez, Silvia) (Entered: 02/24/2025) |
| 02/25/2025 | 15 | ORDER re 14 Response to Order to Show Cause. The government will file a reply to defendant's response no later than February 28, 2025. Signed by Senior Judge Francisco A. Besosa on 02/25/2025. (brc) (Entered: 02/25/2025) |
| 02/26/2025 | 16 | NOTICE of Counsel Unavailability by Juan Carlos Reynoso (Pinera-Vazquez, Silvia) (Entered: 02/26/2025) |
| 02/26/2025 | 17 | ORDER re 16 Notice (Other): NOTED. Any hearing scheduled during the dates from March 13, 2025 through March 25, 2025 can be covered by able local counsel Rebollo. Signed by Senior Judge Francisco A. Besosa on 02/26/2025. (brc) (Entered: 02/26/2025) |
| 02/28/2025 | 18 | MEMORANDUM in Opposition filed by United States of America Re: 8 Amended MOTION to Quash filed by Juan Carlos Reynoso filed by United States of America. (Attachments: # 1 Exhibit A (Declaration), # 2 Exhibit A-1)(Gottfried, Jonathan) (Entered: 02/28/2025) |
| 02/28/2025 | 19 | REPLY to Motion filed by United States of America Re: 1 Motion for Contempt of the January 31, 2025, Warrant to Seize Property Subject to Forfeiture filed by United States of America filed by United States of America. (Gottfried, Jonathan) (Entered: 02/28/2025) |
| 03/04/2025 | 20 | OPINION AND ORDER re 1 Motion for Contempt, and re 8 Motion to Quash. The United States' request to hold Juan Carlos Reynoso in civil contempt is GRANTED. Reynoso is HELD IN CIVIL CONTEPMT of the seizure warrant issued by Magistrate Judge Hector Ramos-Vega on January 31, 2025 in Case No. 25-077. Reynoso's motion to quash is DENIED. Reynoso is ORDERED to transfer the 119.65 BTC to the government-controlled wallet in accordance with the seizure warrant. Signed by Senior Judge Francisco A. Besosa on 03/04/2025. (brc) (Entered: 03/04/2025) |
| 03/15/2025 | 21 | NOTICE of Appearance by Kehylis Y. Vazquez-Torres on behalf of Juan Carlos Reynoso (Vazquez-Torres, Kehylis) (Entered: 03/15/2025) |
| 03/15/2025 | 22 | Motion to allow Roy Jeffrey Kahn to appear pro hac vice (Pro Hac fee $300 receipt number APRDC-9026523) filed by Kehylis Y. Vazquez-Torres on behalf of Juan Carlos Reynoso. Responses due by 3/31/2025. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Good Standing Certificate)(Vazquez-Torres, Kehylis) (Entered: 03/15/2025) |
| 03/21/2025 | 23 | ORDER re 22 Motion to Appear PHV: GRANTED. Application for admission pro hac vice is approved. The Clerk shall deposit the admission fee in the Court's non-appropriated funds account. Signed by Senior Judge Francisco A. Besosa on 03/21/2025. (brc) (Entered: 03/21/2025) |
| 03/21/2025 | 24 | MOTION to Withdraw as Attorneys by Francisco Rebollo-Casalduc and Silvia Pinera-Vazquez Attorney as to Francisco Rebollo-Casalduc filed by Francisco Rebollo-Casalduc on behalf of Juan Carlos Reynoso. Responses due by 4/4/2025. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Rebollo-Casalduc, Francisco) (Entered: 03/21/2025) |

| 03/24/2025 | 25 | MOTION to Substitute *Counsel* Attorney Roy J Kahn filed by Roy J Kahn on behalf of Juan Carlos Reynoso. Responses due by 4/7/2025. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Kahn, Roy) (Entered: 03/24/2025) |
|---|---|---|
| 03/24/2025 | 26 | ORDER re 24 Motion to Withdraw as Attorney: GRANTED. Mr. Francisco Rebollo-Casalduc and Ms. Silvia Pinera-Vazquez are withdrawn from the case. Signed by Senior Judge Francisco A. Besosa on 03/24/2025. (brc) (Entered: 03/24/2025) |
| 03/24/2025 | 27 | MOTION to Stay *Proceedings* filed by Roy J Kahn on behalf of Juan Carlos Reynoso. Responses due by 4/7/2025. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Kahn, Roy) (Entered: 03/24/2025) |
| 03/24/2025 | 28 | ORDER re 25 Motion to Substitute Attorney: NOTED. Signed by Senior Judge Francisco A. Besosa on 03/24/2025. (brc) (Entered: 03/24/2025) |
| 03/24/2025 | 29 | ORDER re 27 Motion to Stay Proceedings. **The government will respond to this motion no later than April 7, 2025.** Signed by Senior Judge Francisco A. Besosa on 03/24/2025. (brc) (Entered: 03/24/2025) |
| 04/02/2025 | 30 | ***MODIFIED TO CORRECT EVENT*** NOTICE OF INTERLOCUTORY APPEAL by Juan Carlos Reynoso. Filing fee $605, receipt number APRDC-9048996. **NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** (Kahn, Roy) Modified on 4/3/2025 (mcm). (Entered: 04/02/2025) |
| 04/02/2025 | | ***SEE IMAGE ON DKT 30 *** NOTICE OF INTERLOCUTORY APPEAL as to 20 Order on Motion to Quash, Order on Motion for Contempt, by Juan Carlos Reynoso. (Filing fee $ 605 - receipt number APRDC-9048996.) (mcm) (Entered: 04/03/2025) |
| 04/03/2025 | 31 | Certified and Transmitted Record on Appeal to US Court of Appeals re 30 Notice of Interlocutory Appeal [Docket Entries 20 & 30] (idg) (Entered: 04/03/2025) |
| 04/07/2025 | 32 | MEMORANDUM in Opposition filed by United States of America Re: 27 MOTION to Stay *Proceedings* filed by Juan Carlos Reynoso filed by United States of America. (Gottfried, Jonathan) (Entered: 04/07/2025) |
| 04/14/2025 | 33 | USCA Case Number 25-1328 for 30 Notice of Interlocutory Appeal filed by Juan Carlos Reynoso. (idg) (Entered: 04/14/2025) |
| 04/14/2025 | 34 | OPINION AND ORDER re 27 Motion to Stay. Reynoso's motion to stay pending an appeal is DENIED. Continued failure to comply with the seizure warrant may result in additional fines, incarceration, or both. Signed by Senior Judge Francisco A. Besosa on 04/14/2025. (brc) (Entered: 04/14/2025) |
| 06/06/2025 | 35 | ***FILED IN ERROR Counsel notified to file the document with the USCA.*** Appellant's BRIEF by Juan Carlos Reynoso. **Appellee Brief due by 7/7/2025.** (Kahn, Roy) Modified on 6/11/2025 (mcm). (Entered: 06/06/2025) |

| PACER Service Center |
|---|
| Transaction Receipt |
| 06/11/2025 13:22:46 |

| PACER Login: | rjk224359 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 3:25-mc-00068-FAB |
| Billable Pages: | 5 | Cost: | 0.50 |

AD-2

AO 109 (Rev. 11/13) Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | | |
|---|---|---|
| In the Matter of the Seizure of | ) | |
| *(Briefly describe the property to be seized)* | ) | |
| CERTAIN DIGITAL ASSETS DESCRIBED IN | ) | Case No. 25-077 (M) |
| ATTACHMENT A | ) | |
| | ) | |
| | ) | |

## WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property located within the jurisdiction of the _____ District of Puerto Rico _____ be seized as being subject to forfeiture to the United States of America. The property is described as follows:

In the matter of the combined criminal and civil forfeiture seizure warrants for the following assets ("SUBJECT ASSETS"): 119.65 BTC currently stored on the wallet with root address bc1qd02m2fgh82dcefymtpq3mxxqvydz29rfcgdgac

Moreover, it is ORDERED that:
-JUAN CARLOS REYNOSO shall not obstruct, impede or interfere with the seizure of the SUBJECT ASSETS
-The SUBJECT ASSETS must be transferred, within 24 hours from the date of service of this seizure warrant, to the following Government-controlled address.
bc1q9mv775udnfza5ccrgg2cvh73fj7sscvxm2er2h

I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

**YOU ARE COMMANDED** to execute this warrant and seize the property on or before _____ February 13, 2025 _____
*(not to exceed 14 days)*

   X   in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to _____ magistrate judge on duty _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

   ☐ for _____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   Janaury 31, 2025 at 12:53 PM                     _____
                                                         *Judge's signature*

City and state:      San Juan, Puerto Rico          U.S. Magistrate Judge HÉCTOR L. RAMOS-VEGA
                                                    *Printed name and title*

# Exhibit A

# ATTACHMENT A

In the matter of the combined criminal and civil forfeiture seizure warrants for the following assets ("SUBJECT ASSETS"): 119.65 BTC currently stored on the wallet with root address bc1qd02m2fgh82dcefymtpq3mxxqvydz29rfcgdgac.

Moreover, it is ORDERED that:

-JUAN CARLOS REYNOSO shall not obstruct, impede or interfere with the seizure of the SUBJECT ASSETS.

-The SUBJECT ASSETS must be transferred, within 24 hours from the date of service of this seizure warrant, to the following Government-controlled address: bc1q9mv775udnfza5ccrgg2cvh73fj7sscvxm2er2h.

AD-3

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO (SAN JUAN)

## CASE NO.: 3:25-MC-00068-FAB

UNITED STATES OF AMERICA,

     Petitioner,

vs.

JUAN CARLOS REYNOSO,

     Respondent.

_____/

## NOTICE OF APPEAL

Notice is hereby given that Juan Carlos Reynoso, respondent in the above-captioned case, appeals to the United States Court of Appeals for the First Circuit the final opinion and order of the District Court holding respondent Juan Carlos Reynoso in civil contempt of court on March 4, 2025.

Respectfully submitted,

KEHYLIS Y. VAZQUEZ-TORRES
1400 Morgan Stanley Avenue, Ste. 406
Winter Park, FL 32789
Tel: (787)240-8196
Kvazquezlaw@gmail.com

*/s/ Kehylis Y. Vazquez-Torres*
KEHYLIS Y. VAZQUEZ-TORRES
USDC PR: 30371
Kvazquezlaw@gmail.com

Respectfully submitted,

ROY J. KAHN, P.A.
420 S. Dixie Highway, Suite 4B
Coral Gables, FL 33146
Tel: (305) 358-7400
Fax: (305) 358-7222

*/s/ Roy J. Kahn*
ROY J. KAHN
Florida Bar No. 224359
rjk@roykahnlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the 2nd day of April 2025, I electronically filed the foregoing document with the Clerk of the Court using CM-ECF, which will deliver notices of electronic filing to all counsel of records.

*/s/ Roy J. Kahn*
**ROY J. KAHN**

AD-4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

        **v.**                   **Misc. No.** 25-068 (FAB)

JUAN CARLOS REYNOSO,

    **Defendant.**

## OPINION AND ORDER

BESOSA, Senior District Judge.

Before the Court is defendant Juan Carlos Reynoso ("Reynoso")'s motion to stay this proceeding pending an appeal. (Docket No. 27.) For the reasons set forth below, Reynoso's motion is **DENIED**.

## I. Background

On January 31, 2025, Magistrate Judge Héctor Ramos-Vega issued a warrant to seize property pursuant to 18 U.S.C. §§ 981-82 and 21 U.S.C. § 853(f). Case No. 25-mj-077, Docket No. 4. This warrant provides that the assets subject to seizure include: "119.65 [bitcoin ("BTC")] currently stored on the wallet with root address bc1qd02mfgh82dcefymptq3mxxqvydz29rfcgdgac" (approximately $12,650,785.94 in United States currency). Id. at p. 1. The warrant states that:

> JUAN CARLOS REYNOSO shall not obstruct, impede or interfere with the seizure of the SUBJECT ASSETS.

Misc. No. 25-068 (FAB)                                                           2

>    The SUBJECT ASSETS must be transferred, within 24 hours
>    from the date of this seizure warrant, to the following
>    Government-controlled address:  bc1q9mv775udnfza5ccrgg2
>    cvh73fj7sscvxm2er2h.

Id.

The United States sent the seizure warrant to Walter Reynoso, defendant Reynoso's counsel (no relation), who indicated that he was authorized to receive the seizure warrant on behalf of defendant Reynoso.  (Docket No. 1-4.)

Immediately after defense counsel received notice of the warrant, Reynoso transferred the 119.65 BTC to various accounts. These transfers and defense counsel's communications with the United States are set forth in the March 4, 2025 Opinion and Order. See United States v. Reynoso, Misc. No. 25-mc-068, 2025 U.S. Dist. LEXIS 40555 (D.P.R. Mar. 4, 2025) (Besosa, J.).  The Court held Reynoso in contempt of Court, sanctioning him "$10,000.00 for every day that he violates the seizure warrant." Id. at *23-24.  Reynoso remains in contempt of Court.  As of today (April 14, 2025), Reynoso faces a $410,000.00 fine for his failure to comply with the seizure warrant.

On March 24, 2025, Reynoso moved to stay proceedings pending an appeal.  (Docket No. 27.)  He then filed an interlocutory notice of appeal on April 2, 2025 on this Court's order finding Reynoso in contempt of Court.  (Docket No. 30.)  See United States v.

Misc. No. 25-068 (FAB)                                      3

Reynoso, Court of Appeals No. 25-1328, Docket No. 1. The United
States subsequently opposed Reynoso's motion to stay. (Docket
No. 32.)

## II. Legal Standard

A stay pending appeal is "not a matter of right." Vaquería
Tres Monjitas, Inc. v. Comas, 5 F. Supp. 3d 179, 181 (D.P.R. 2014)
(Domínguez, J.) (quoting Virginian R.C. v. United States, 272 U.S.
658, 672 (1926)); see Maness v. Myers, 419 U.S. 449, 458–460 (1975)
("If a person to whom a court directs an order believes that the
order is incorrect the remedy is to appeal, but, absent a stay, he
must comply promptly with the order pending appeal."). A stay is
"an intrusion into the ordinary processes of administration and
judicial review." New York v. Trump, Case No. 25-1236, 2025 U.S.
App. LEXIS 7022 at *27-28 (1st Cir. Mar. 26, 2025) (citing Nken v.
Holder, 556 U.S. 418, 427 (2009)).

The following factors govern the Court's analysis:
"(1) [w]hether the stay applicant has made a strong showing that
it is likely to succeed on the merits, (2) whether the applicant
will be irreparably harmed absent a stay, (3) whether the issuance
of a stay will substantially injure the other parties interested
in the proceeding, and (4) where the public interest lies." Common
Cause Rhode Island v. Gorbea, 970 F.3d 11, 14 (1st Cir. 2020)
(quoting Nken, 556 U.S. at 426). "The *sine qua non* of the stay

Case 3:25-mc-00068-ADC   Document 34   Filed 04/24/25   Page 4 of 12

Misc. No. 25-068 (FAB)                                              4

pending appeal standard is whether the movants are likely to
succeed on the merits." <u>Officemax Inc. v. Cty Qwik Print, Inc.</u>,
751 F. Supp. 2d 221, 253 (D. Me. 2011) (citing <u>Acevedo-García v.</u>
<u>Vera-Monroig</u>, 296 F.3d 13, 16-17 (1st Cir. 2002)).

**III. Discussion**

As a preliminary matter, Reynoso's appeal is subject to
dismissal for lack of jurisdiction.  He challenges the "final
opinion and order of the District Court holding [him] in civil
contempt."  Case No. 25-1328, Docket No. 1 at p. 29.  Congress
limited appellate jurisdiction, however, to "appeals from . . .
final decisions of the district courts."   28 U.S.C. § 1291.
Generally, civil contempt orders are "interlocutory, that is, not
final." <u>Morales-Feliciano v. Parole Bd. of Puerto Rico</u>, 887 F.2d
1, 3 (1st Cir. 1989) (citation omitted).  Accordingly, appeals
seeking to vacate sanctions for civil contempt are routinely
dismissed for lack of jurisdiction.  <u>See</u> <u>Appeal of Licht and</u>
<u>Semonoff</u>, 796 F.2d 564, 568 (1st Cir. 1986) (holding that litigants
"may appeal only an order of criminal contempt before final
judgment, not one of civil contempt") (citations omitted); <u>Rhode</u>
<u>Island Hosp. Trust Natl'l Bank v. Howard Communications Corp.</u>, 980
F.2d 823, 829 (1st Cir. 1992) ("Ordinarily, a civil contempt order
is treated as a nonappealable interlocutory order.") (citation
omitted); <u>United States v. Kouri-Pérez</u>, 187 F.3d 1, 4 (1st Cir.

Misc. No. 25-068 (FAB)                                                    5

1999) (dismissing an interlocutory appeal of civil sanctions
imposed in a criminal action for lack of appellate jurisdiction);
Fox v. Capital Co., 299 U.S. 105, 107 (1936) ("[Except] in
connection with an appeal from a final judgment or decree, a party
to a suit may not review upon appeal an order fining or imprisoning
him for the commission of civil contempt."); United States v.
Myers, 593 F. 3d 338, 344 (4th Cir. 2010) (dismissing an appeal
because a "civil-contempt order issued in litigation brought
against [the respondent]" is barred by the "final-judgment rule").

     Exceptions to this rule "are plentiful." See, e.g., Morales-
Feliciano v. Parole Bd. of Puerto Rico, 887 F.2d 1, 3 (1st Cir.
1989) ("Since the appealability of a civil contempt order is a
matter of practical, rather than formal legal, considerations
. . . we conclude that the Commonwealth's appeal is legally
valid."). Reynoso will prevail before the First Circuit Court of
Appeals only by establishing that this litigation falls within a
valid exception. Invoking appellate jurisdiction here will prove
futile, however, because Reynoso is unlikely to succeed on the
merits.

     **A.   Likelihood of Success on the Merits**

          Reynoso need not prove a "probability of success on the
merits" to obtain a stay of the civil sanction. SEC v. Biochemics,
Inc., 435 F. Supp. 3d 281, 296 (D. Mass. 2020) (citing Providence

Misc. No. 25-068 (FAB)                                                    6

Journal Co. v. FBI, 595 F.2d 889, 890 (1st Cir. 1979)); see Exxon

Corp. v. Esso Worker's Union, 963 F. Supp. 58, 59-60 (D. Mass.

1997) (noting that courts have "not interpreted literally the . . .

requirement that the stay applicant make a strong showing that he

is likely to succeed on the merits"); Cunningham v. Lyft, Case

No. 19-11974, 2020 U.S. Dist. LEXIS 90333, at *10 (D. Mass. May 22,

2020) (noting that a stay applicant "does not [need to] convince

the court that it was wrong on the decision now under appeal")

(citation omitted).    Instead, Reynoso must establish that his

appeal "[raises] serious and difficult questions of law in an area

where the law is somewhat unclear."    Exxon Corp., 963 F. Supp.

At 60 (citation omitted).

        Reynoso's motion to stay merely repeats the arguments

that this Court previously rejected in its March 4, 2025 Opinion

and Order.    For instance, Reynoso asserts that his "attorney was

never advised orally, nor did he realize until two days later,

that the warrant required a twenty-four (24) hour disgorgement."

(Docket No. 27 at pp. 4-5.)    The Court set forth the communications

between defense counsel and the United States regarding the seizure

warrant in extensive detail, demonstrating that Reynoso received

ample notice and opportunity to transfer the 119.65 BTC as ordered

in the seizure warrant within the twenty-four hour timeframe.

Reynoso, 2025 U.S. Dist. LEXIS 40555, at *14 ("Defense counsel's

Misc. No. 25-068 (FAB)                                                    7

refusal to open [the seizure warrant e-mail] with sufficient time
to comply with the warrant is an act of willful ignorance, not a
surreptitious plot to deprive Reynoso of his property.").   The
United States need not provide an oral summation of a seizure
warrant when it sends defense counsel a copy of the document.   The
Court presumes that defense counsel is capable of reading a two-
page seizure warrant in a timely manner.

       Reynoso also contends that the "Court, without any
direct evidence establishing true knowledge and intent, concluded
that Respondent himself must have moved subject assets to a
different bit-coin wallet after being informed of the warrant's
content."   (Docket No. 27 at p. 5.)   This due process argument is
unavailing.

       A court may "hear" a motion for contempt on the papers
if, "given the nature and circumstances of the case, the parties
had a fair opportunity to present relevant facts and arguments,
. . . and to counter the opponent's submissions."   Gill v. United
States, 516 F. Supp. 3d 64, 76 (D. Mass. 2021) (quoting Morales-
Feliciano v. Parole Board of Puerto Rico, 887 F.2d 1, 6 (1st Cir.
1989) (internal citation and quotation omitted); see United States
v. Winter, 70 F.3d 655, 661 (1st Cir. 1995) ("Generally, a court
may impose civil contempt sanctions pursuant to the minimal
procedures of notice and an opportunity to be heard; the reason

Case 3:25-mc-000068-FAB   Document 34   Filed 04/14/25   Page 8 of 12

Misc. No. 25-068 (FAB)                                                    8

for this is that the civil contemnor may avoid the sanction by
obeying the court's order."); FTC v. Case Equip. Co., 821 F. Supp.
790, 791 (D. Me. 1993) ("[Less] than a full adversary hearings
have been held to comport with due process in the civil contempt
context under certain circumstances," for example, "where the
facts surrounding the contempt are undisputed and cannot be further
elucidated by evidence") (citing In re Rosahn, 671 F.2d 690, 695
(2d Cir. 1982)); United States v. Melick, 959 F. Supp. 2d 193, 199
(D.N.H. 2011) ("In many cases, civil contempt can be established
without the need for an evidentiary hearing.").

          The record is replete with evidence establishing that
Reynoso transferred the 119.65 BTC to various Bitcoin accounts to
circumvent the seizure warrant. See Reynoso, 2025 U.S. Dist. LEXIS
40555.   The United States submitted evidence demonstrating that
Reynoso owns and controls the assets subject to seizure.    Id.
at *19 (noting that an affidavit prepared by a federal law
enforcement agent and appurtenant exhibits establish that the
subject assets belong to Reynoso).    Reynoso does not dispute
ownership.  His motion to stay refers to control and notice without
contradicting the record evidence.  These rhetorical questions do
not negate defense counsel's e-mail response accepting receipt of
the seizure warrant, evidence that Reynoso fails to address in his
motion to stay.

Case 3:25-mr-00068-FAB   Document 54   Filed 04/23/25   Page 9 of 12

Misc. No. 25-068 (FAB)                                                      9

An  evidentiary  hearing  would  serve  only  to  delay
execution of the seizure warrant.  No issues of material fact exist
in  this  civil  contempt  proceeding:   Magistrate  Judge  Ramos-Vega
issued  a  seizure  warrant  ordering  Reynoso  to  transfer  119.65  BTC
to  a  government-controlled  account;  this  property  belongs  to
Reynoso;  defense  counsel  accepted  service  of  the  seizure  warrant;
and  Reynoso  subsequently  transferred  the  subject  assets  to  evade
forfeiture.   He continues to flout the seizure warrant despite the
imposition  of  sanctions  for  civil  contempt.   Consequently,  his
argument  regarding  the  Court's  purported  failure  to  hold  an
evidentiary hearing is unconvincing.

### B.   Irreparable Harm

The  irreparable  harm  analysis  is  not  "rigid."   Vaquería
Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 485 (1st Cir. 2009)
(citation  omitted).   "What  matters  is  not  the  raw  amount  of
irreparable  harm  a  party  might  suffer,  but  rather  the  risk  of  such
harm  in  light  of  the  party's  chances  of  success  on  the  merits."
Puerto Rico Hosp. Supply, Inc. v. Boston Scientific Corp., 426
F.3d  503,  507  n.  2  (1st  Cir.  2005)  (quoting  the  Massachusetts
standard,  which  "closely  tracks  the  federal  standard").   Reynoso's
claims of irreparable harm must be correct in "fact and reality."
Common Cause Rhode Island v. Gorbea, 970 F.3d 11, 15 (1st Cir.
2020).

Misc. No. 25-068 (FAB)                                                    10

         According  to  Reynoso,  the  daily  sanctions  pose  a
financial hardship.  (Docket No. 27 at p. 7.)  He posits that these
sanctions will continue to inflict harm "until and unless a stay
is issued."  Id.  This statement misconstrues the purpose of civil
contempt.  See Rodríguez-Miranda v. Benin, 829 F.3d 29, 45 (1st
Cir. 2016) (noting that the imposition of sanctions for civil
contempt serves "to coerce present or future compliance with an
order of the court").  The harm sustained by Reynoso is self-
inflicted.  Financial hardship will subside once he complies with
the seizure warrant.  The civil contempt sanctions will continue
to accrue, however, until Reynoso transfers 119.65 bitcoin to the
government-controlled account.

         Irreparable harm "most often exists where a party has no
adequate remedy at law."  Charlesbank Equity Fund II, Ltd. P'ship
v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004) (citation
omitted).  Reynoso shall remit payment to the Clerk of the Court
for his failure to comply with the seizure warrant.  These funds
will remain with the Clerk of the Court pending an appeal.  Should
Reynoso prevail, the Clerk of the Court will return payment in
accordance  with  the  corresponding  mandate.   Consequently,
Reynoso's appeal of the March 4, 2025 Opinion and Order constitutes
an adequate remedy at law.  See M.A. Mortenson Co. v. United
States, 877 F.2d 50, 51 (D.C. Cir. 1989) ("[An] order to pay money

Misc. No. 25-068 (FAB)                                                11

as a sanction for the abuse of discovery usually does not – and in

this case did not – inflict irreparable harm on the party . . .

If, on appeal from the final judgment in this case, Grand Turk

convinces this court that the sanction should not have been

imposed, it will get its money back"); In re BYJU's Alpha, Inc.,

Case No. 24-10140, 2024 U.S. Dist. LEXIS 126742, at *13 (D. Del.

July 18, 2024) ("The Bankruptcy Court further found that the funds

are subject to reversal if Movants prevail on appeal, and thus

would not cause irreparable harm.") (citation and internal

quotation omitted); In re S.N.A. Nut Co., Case No. 95-399, 1996

U.S. Dist. LEXIS 695, at *9 (N.D. Ill. Jan. 24, 1996) ("Daily

sanctions do not constitute irreparable harm.") (citing Classic

Components v. Mitsubishi Electronics Am., 841 F.2d 163, 164-65

(7th Cir. 1988)). Accordingly, Reynoso has failed to demonstrate

irreparable harm.

**C.    Harm to the United States and the Public Interest**

Because Reynoso failed to establish a likelihood of

success on the merits and irreparable harm, the Court need not

address the third and fourth prongs of the stay analysis. See

Meléndez v. Univ. of New Hampshire, Case No. 23-172, 2024 U.S.

Dist. LEXIS 204468, at *3 (D.N.H. Nov. 8, 2024) ("Because Meléndez

has not shown a likelihood of success on the merits, the court

need not address the remaining factors"). Harm to the United

Misc. No. 25-068 (FAB)                                                    12

States and the public interest both militate toward denial of
Reynoso's motion to stay, however, underscoring that the
$10,000.00 daily fine is an appropriate sanction in this
litigation. "These factors merge when the Government is the
opposing party." Nken, 556 U.S. at 435. Reynoso "may not defy
court orders because their commands are not to [his] liking. If
the rule of law is to be upheld, it is essential that the judiciary
takes firm action to vindicate its authority and to compel
compliance with lawfully issued directives." Yipping Chen v. FBI,
721 F. Supp. 3d 1, 14 (D.D.C. 2024). The longer that Reynoso
violates the seizure warrant, the more difficult it will be for
the United States to locate the 119.65 BTC. Accordingly, Reynoso's
motion to stay pending an appeal is **DENIED.**

## IV. Conclusion

For the reasons set forth above, Reynoso's motion to stay
pending an appeal is **DENIED.** (Docket No. 27.) Continued failure
to comply with the seizure warrant may result in additional fines,
incarceration, or both.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 14, 2025.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE